## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | |
|---|---|
| Todd Wasson, | Civil Action No.: <u>4:16-cv-55</u> |
| Plaintiff, | |
| v. | |
| Conn Appliances, Inc., | **COMPLAINT** |
| Defendant. | |

For this Complaint, Plaintiff, Todd Wasson, by undersigned counsel, states as follows:

### <u>JURISDICTION</u>

1.      This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA").

2.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

### <u>PARTIES</u>

3.      Plaintiff, Todd Wasson ("Plaintiff"), is an adult individual residing in Grapevine, Texas, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

4.      Defendant Conn Appliances, Inc. ("Conn"), is a Texas business entity with an address of 4055 Technology Forest Boulevard, Suite 210, The Woodlands, Texas 77381-2008, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

**FACTS**

5.      Within the last four years, Conn called Plaintiff's cellular telephone, number 972-XXX-0606, in an attempt to collect a debt from Plaintiff, using an automatic telephone dialing system ("ATDS").

6.      When Plaintiff answered calls from Conn, he heard silence and had to wait on the line before being connected the next available representative.

7.      On or about July 14, 2015, Plaintiff spoke with a live representative and requested that Conn cease all calls to him.

8.      Nevertheless, Conn continued to place automated calls to Plaintiff's cellular telephone number.

**COUNT I**
**VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT –**
**47 U.S.C. § 227, *et seq.***

9.      Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

10.      At all times mentioned herein, Defendant called Plaintiff's cellular telephone number using an ATDS or predictive dialer.

11.      In expanding on the prohibitions of the TCPA, the Federal Communications Commission ("FCC") defines a predictive dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…"*2003 TCPA Order*, 18 FCC 36 Rcd 14022. The FCC explains that if a representative in not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id*. In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before

2

disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id*.

12.    Defendant's telephone system(s) have some earmarks of a predictive dialer.

13.    When Plaintiff answered calls from Defendant, he heard silence before Defendants' telephone system would connect him to the next available representative.

14.    Upon information and belief, Defendants' predictive dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

15.    Defendants placed automated calls to Plaintiff's cellular telephone number despite knowing that it lacked consent to do so.  As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

16.    The telephone number called by Defendant was assigned to a cellular telephone service pursuant to 47 U.S.C. § 227(b)(1).

17.    The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

18.    As a result of each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

19.    As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

1.    Statutory damages of $500.00 for each violation determined to be negligent

3

pursuant to 47 U.S.C. § 227(b)(3)(B);

2.  Treble damages for each violation determined to be willful and/or knowing

pursuant to 47 U.S.C. § 227(b)(3)(C); and

3.  Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: January 22, 2016

Respectfully submitted,

By */s/ Jenny DeFrancisco*

Jenny DeFrancisco, Esq.
CT Bar # 432383
LEMBERG LAW L.L.C.
43 Danbury Road
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
E-mail: jdefrancisco@lemberglaw.com
Attorneys for Plaintiff